UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6331-CR-ROETTGER

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DERRICK LEE MONTGOMERY,
    a/k/a "Derrick Stringer,"

        Defendant.
_____/

### GOVERNMENT'S RESPONSE TO
### THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

  A.  1.  The government is aware of written or recorded statements made by the defendant and they are outlined in the attached reports.

        2.  The government is aware of oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial and they are attached.

        3.  No defendant testified before the Grand Jury.

        4.  The NCIC record of the defendant is attached.

        5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its



        case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Fort Lauderdale, Florida, Suite 700. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for **February 9, 2001 at 2:00 p.m.** Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

        The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

    6.    A laboratory analysis of the substance seized in connection with this case is attached.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L. If you wish to inspect the cocaine, marijuana and Titan Tiger, .25 caliber semi-automatic used in the commission of the offense charged, please contact the undersigned.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection.

Accordingly, the United States Attorney's Office cannot process last-minute requests for

3

       inspection. In order to meet security
       requirements, all requests to inspect seized drugs
       and firearms must be received by the AUSA handling
       the case on or before fifteen (15) days from the
       date of the Certificate of Service attached
       hereto.

       If you anticipate that this deadline may create a
       problem for you or your client, please promptly
       send written notice to the appropriate AUSA.

  M.   The government is aware of latent fingerprints or
       palm prints which have been identified by a
       government expert as those of the defendant.

  N.   The government has received a request for
       disclosure of the subject-matter of expert
       testimony that the government reasonably expects
       to offer at trial and they will be provided upon
       receipt by this office.

  O.   The government will make every possible effort in
       good faith to stipulate to all facts or points of
       law the truth and existence of which is not
       contested and the early resolution of which will
       expedite trial.  These stipulations will be
       discussed at the discovery conference.

  P.   At the discovery conference scheduled in Section
       A.5, above, the government will seek written
       stipulations to agreed facts in this case, to be
       signed by the defendant and defense counsel.

 The government is aware of its continuing duty to disclose
such newly discovered additional information required by the
Standing Discovery Order, Rule 16(c) of the Federal Rules of
Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to
assure a fair trial.

 In addition to the request made above by the government
pursuant to both Section B of the Standing Discovery Order and
Rule 16(b) of the Federal Rules of Criminal Procedure, in
accordance with Rule 12.1 of the Federal Rules of Criminal
Procedure, the government hereby demands Notice of Alibi defense;

the approximate time, date, and place of the offense was:

    Date:    On or about November 8, 2000

    Place:   Broward County, Florida

The attachments to this response are numbered pages 00001 - 00068 . Please contact the undersigned Assistant United States Attorney if any pages are missing.

                            Respectfully submitted,

                            GUY A. LEWIS
                            UNITED STATES ATTORNEY

                      By: *[signature]*

                            ROGER W. POWELL
                            ASSISTANT UNITED STATES ATTORNEY
                            Florida Bar No.341411
                            500 E. Broward Blvd., Suite 700
                            Fort Lauderdale, Florida 33394
                            Tel:(954)356-7255; Fax:356-7336

cc:  Special Agent Steve McKean,
     ATF

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 5th day of February , 2001 to:

                Robert N. Berube, Esq.
                Attorney for Defendant Montgomery
                101 N.E. 3rd Avenue, Suite 202
                Fort Lauderdale, Florida 33301

                            *[signature]*
                            ROGER W. POWELL
                            ASSISTANT UNITED STATES ATTORNEY